## UNITED STATES *v.* ALIRE.

A case in the Court of Claims which involves the right of a claimant to a military bounty land warrant under the acts of Congress of March 3d, 1855, and May 14th, 1856, which claim had been rejected by the commissioner of pensions, and the rejection confirmed by the Secretary of the Interior, is apparently within that part of the fifth section of the act of March 3d, 1863, which provides "that when the judgment or decree will affect a class of cases, or furnish a precedent for the future action of any executive department of the government in the adjustment of such class of cases, . . . and such facts shall be certified to by the presiding justice of the Court of Claims, the Supreme Court shall entertain an appeal on behalf of the United States, without regard to the amount in controversy."

Accordingly, an appeal from a judgment of the Court of Claims in such a case, where there had been no special allowance, and which had been dismissed by this court, because not a judgment for money and over $3000, was, on motion of the United States, reinstated, and the record remanded to the Court of Claims for such further proceedings as might seem fit and proper in the cause as it respected the appeal prayed for.

APPEAL from the Court of Claims.

Julian Alire filed a petition in that court setting forth that under the acts of Congress of March 3d, 1855, and of May 14th, 1856, he had made application to the commissioner of pensions for one hundred and sixty acres of bounty land, and had conformed to the provisions of the said acts, and the rules and regulations of the pension office; that the application was rejected by the commissioner, and that, on appeal to the Secretary of the Interior, the rejection had been confirmed. Issue was taken in the Court of Claims on this petition, and the cause having been afterwards heard before it, a decree was rendered in favor of the petitioner for a bounty land warrant, to be made and delivered to him by the proper officer. It was also further ordered that the decree should be certified by the clerk of the court, under its seal, and remitted to the Secretary of the Department of the Interior.

From this decree the United States appealed, on the ground among others that the court below had no jurisdiction of the case. The soundness of this view depended, of course, on statutes organizing or regulating that court.

The first act* organizing the court was passed February 24th, 1855, and the jurisdiction conferred was " to hear and determine all claims founded upon *any law of Congress*, or upon any regulation of an executive department, or upon any contract, express or implied, with the government of the United States, which may be suggested to it by a petition filed therein, and also all claims which may be referred to said court by either house of Congress."

The court was directed to keep a record of their proceedings, and, at the commencement of each session of Congress, and of each month during the session, report to Congress the cases upon which the court had fully acted, stating in each the material facts which they find established by the evidence, with their opinion in the case, and the reasons upon which it is founded. The court were also directed† to prepare a bill in the cases determined favorably, in such form as, if enacted, will carry the same into effect.

The next act relating to the organization of the court was passed March 3d, 1863.‡

The second section of this act conferred substantially the same jurisdiction as to cases before the court as in the first section of the previous act; but jurisdiction, in addition, was conferred over set-offs, counter-claims, &c., &c., on the part of the government against the petitioner.

The fifth section provided, that either party might appeal to the Supreme Court of the United States from any final judgment or decree which might thereafter be rendered in the Court of Claims, *wherein the amount in controversy exceeded three thousand dollars.*

The seventh section, that in all cases of final judgment by said court, or on appeal by the Supreme Court, where the same was affirmed in favor of the claimant, the *sum* due thereby shall be paid out of any general appropriation made by law for the payment of private claims, on presentation to the Secretary of the Treasury of a copy of said judgment, &c. And in cases where the judgment appealed from is in favor

---

* 10 Stat. at Large, 612, § 1.     † § 5.     ‡ 12 Stat. at Large, 765.

of said claimant, or the same is affirmed by the Supreme Court, *interest* at the rate of five per cent. *shall be allowed* from the date of its presentation to the Secretary of the Treasury for payment, but *no interest* shall be allowed subsequent to the affirmance unless presented for payment to the Secretary of the Treasury as aforesaid, with a proviso that *no interest* shall be allowed on any claim up to the time of the rendition of the judgment by said Court of Claims, unless on a contract expressly stipulating for interest.

The thirteenth section enacted that all laws, and parts of laws, inconsistent with the provisions of this act, were thereby repealed.

*Mr. Norton, solicitor for the Court of Claims*, contended that the fifth and seventh sections of the act of 1863 showed that the Court of Claims could give no judgments against the United States for anything but money.

*Messrs. Hughes, Denvers, and Peck, with Mr. Watts (by brief filed), argued, contra*, that the jurisdiction was, by the previous act of 1855, expressly given where the claim was founded on any act of Congress; and that confessedly the claim was here so founded.

Mr. Justice NELSON delivered the opinion of the court.

The only question presented in the record, which we shall examine, is whether or not the court below had jurisdiction of the cause.

It will be seen by reference to the two acts of Congress on this subject, that the only judgments which the Court of Claims are authorized to render against the government, or over which the Supreme Court have any jurisdiction on appeal, or for the payment of which by the Secretary of the Treasury any provision is made, are judgments for money found due from the government to the petitioner. And, although it is true that the subject-matter over which jurisdiction is conferred, both in the act of 1855 and of 1863, would admit of a much more extended cognizance of cases, yet it is

quite clear that the limited power given to render a judgment necessarily restrains the general terms, and confines the subject-matter to cases in which the petitioner sets up a moneyed demand as due from the government.

This view is confirmed by the judgment of this court in the case of *Gordon, Adm'r,* v. *United States,** in which the court denied any jurisdiction over the case on account of the power of the executive department over its judgment by the fourteenth section of the act of 1863. That section was repealed by the first section of the act of March 17th, 1866.

The decree, or judgment, in the present case is, that the claimant recover of the government a military land warrant for one hundred and sixty acres of land, and that it be made out and delivered to the said Julian Alire by the proper officer, and the decree to be certified and remitted to the Secretary of the Interior. We find no provision in any of the statutes requiring a judgment of this character, whether in this court or in the Court of Claims, to be obeyed or satisfied. Nor does either court possess any authority to render such a judgment, as is apparent from a perusal of the seventh section of the act of 1863, and which is the only one providing for the rendition of a judgment or decree in any case before the court below.

Even if the first section of the act of 1855 and the second of 1863 could be construed as giving a jurisdiction in cases other than money demands against the government, no judgment could be rendered by the court below, and, of consequence, the carrying into effect their finding must depend on the act of 1855. But we are of opinion that it was intended by the several provisions of the act of 1863 that the cases to be heard were to pass into a judgment as prescribed in the seventh section of the latter act, and hence they must be such in their nature and character as may admit of a judgment or decree in conformity with its provisions.

Our conclusion is, the court below had no jurisdiction of

* 2 Wallace, 561; 1 Court of Claims Reports, 33; Acts establishing the Court of Claims.

this case, and that the decree must be reversed, and the cause remanded to the court with directions to enter a decree dismissing the petition.

### NOTE.

A motion was subsequently made on the part of the United States to reinstate on the docket this cause, dismissed as above stated at this term (on the ground that it did not appear that the amount in controversy exceeded $3000), and to remand it to the Court of Claims with a view to an amended or special appeal under the fifth section of the act of March 3d, 1863,* which provides " that when the judgment or decree will affect a class of cases or furnish a precedent for the future action of any executive department of the government in the adjustment of such class of cases, . . . and such facts shall be certified to by the presiding justice of the Court of Claims, the Supreme Court shall entertain an appeal on behalf of the United States, without regard to the amount in controversy."

Mr. Justice NELSON delivered the opinion of the court.

The case involves the right of the claimant to a military bounty land warrant under the acts of Congress passed March 3d, 1855, and May 14th, 1856, which claim had been rejected by the commissioner of pensions, and the rejection confirmed by the Secretary of the Interior. The case would seem to fall within the provision providing for a special appeal on behalf of the government. We see no valid objection to the motion, and therefore direct the cause to be reinstated on the docket, and the record remanded back to the Court of Claims for such further proceedings as may seem fit and proper in the cause as it respects the appeal prayed for.

REMANDED ACCORDINGLY.

---

* 12 Stat. at Large, 765–6.