Booth, Chief Justice,

delivered the opinion of the court:
The plaintiff’s petition seeks relief under the act of June 14, 1934, known as the declaratory judgment act and which reads as follows (48 Stat. 955) :
“Be it enacted by the Senate and House of Representatives ■of the United States of America in Congress assembled, That the Judicial Code approved March 3, 1911, is hereby amended by adding after section 274C thereof a new section to be numbered 2I4D, as follows:
“ ‘ Seo. 274D. (1) In cases of actual controversy the courts of the. United States shall have power upon petition, decía- *656 ration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final j udgment or decree and be reviewable as such.
“ ‘ (2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant tlie relief. If the application be deemed sufficient, tlie court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.
a<(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jurjr in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not.’ ”
So far as the facts alleged in the petition are involved it is sufficient to state that a case is made out under the statute.
The plaintiff is a Minnesota corporation, assignee of a lease entered into between the Federal Building Realty Corporation of Minnesota and the Post Office Department on October 24, 1922, by the terms of which the Post Office Department leased and was to occupy the premises therein described for postal purposes for the term of twenty years. The rental was fixed at $11,900 per year.
This lease, regular and lawful in every way, contained the following provision with respect to termination :
“ * * * this lease may be terminated whenever the post office, for the use of which this lease was made, can he moved into a Government building, upon ninety daj^s’ notice to the lessor of the intention of the Department so to terminate.”
The termination provision accorded with the act of March 3, 1885 (23 Stat. 386), requiring- such a provision to be inserted in post-office leases.
The petition then alleges that wlien the lease of October 24, 1922, was duly executed the Federal Building Realty Corporation had an understanding with the proper officials of the Post Office Department that in the event it became lawful to enter into a lease not subject to cancellation when *657 ever a post office could be moved into a Government building a new lease would be entered into eliminating the termination provision contained in the old one.
On December 8, 1923, in accord with the provisions of the act of April 24, 1920 (41 Stat. 578), which it is alleged repealed the act of March 3, 1885 (supra), a second lease was entered into by these parties for the same premises and for the same purpose, in which lease the termination clause appearing in the former lease was eliminated and a clause inserted as follows:
“ It is understood and agreed that this lease supersedes and cancels the lease for the same quarters dated October 24, 1922, for the same period, and for the same rental.”
This lease was duly recorded, and the Post Office Department occupied the premises and paid the stipulated rental.
The present plaintiff on September 15, 1926, purchased the above lease, and the transfer of the same was approved by the Post Office Department and the rental thereafter paid to plaintiff. On December 5, 1934, the Post Office Department notified the plaintiff that the lease of December 8, 1923, was considered void and that the termination provision of the October 24, 1922, lease was in effect. Acting upon this premise, the Post Office Department notified the plaintiff that on March 6, 1935, it would surrender possession of the leased premises, cancel the lease, and remove the post office into a Government-owned building.
The plaintiff disputes the illegality of the lease of December 8, 1923, and alleges that, relying upon the validity of the same, it issued some $600,000 in bonds, secured by a mortgage upon the leased building; that the cancellation of the lease because the building is not suited for other tenants will cause it great loss, and “ prays the court to declare its rights under said lease dated December 8, 1923', and to declare that said lease dated December 8, 1923, is a valid and binding obligation of the United States of America, and that plaintiff is entitled to receive rent thereunder as provided in said instrument, and for such other and further relief as may be just in the premises.”
The defendant filed a motion to dismiss the petition, predicated upon a lack of jurisdiction in this court to adjudicate *658 the subject matter court is not within the provisions of the declaratory judgment act. We think the defendant’s motion should be sustained. In the case of Pocono Pines Assembly Hotels Co. v. United States, 13 C. Cls. 447, we had occasion to discuss in extenso the jurisdiction of this court, and in view of the axiomatic legal principle that the United States may not be sued without its consent, we think it exacts a specific statute according such consent and expressly conferring jurisdiction upon this court before we may proceed. United States v. Milliken Imprinting Co., 202 U. S. 168; Eastern Transportation Co. v. United States, 272 U. S. 675; United States v. Michel, 282 U. S. 656.
If Congress had intended to extend the scope of this court’s jurisdiction and subject the United States to the declaratory judgment act, we think express language would have been used to do so, and the court is not warranted in assuming an intention to widen its jurisdiction from the general provisions of the act which concerns a proceeding equitable in nature and foreign to any jurisdiction this court has heretofore exercised.
The defendant’s motion to dismiss will be allowed and plaintiff’s petition dismissed. It is so ordered.
Whaley, Judge; 'Williams, Judge; LittletoN, Judge; and Gp.eeN, Judge, concur.