## YESKEL v. UNITED STATES et al.
### No. 5853.

District Court, D. New Jersey.
March 6, 1940.

Schotland, Harrison & Schotland, of Newark, N. J., for plaintiff.

John J. Quinn, U. S. Atty., of Trenton, N. J., and Hubert J. Harrington, Asst. U. S. Atty., of Newark, N. J., for defendant United States.

Glickenhaus & Glickenhaus, of Newark, N. J., for defendant National Surety Corporation.

FAKE, District Judge.

Plaintiff seeks to obtain a declaratory judgment against the United States of America and the National Surety Corporation.

It appears from the allegations of the complaint that on or about the 21st of September, 1935, the plaintiff submitted a bid, in writing, to the Paymaster General of the United States Navy by which he agreed that if he became the successful bidder he would furnish the Navy Department with certain

cloths at certain prices, the first delivery to be made within five days after the date of the contract. Plaintiff's bid was accepted, and by the terms of the bid it was provided that plaintiff would, if required, execute the form of government contract known as Standard Form No. 32 within sixty days after the date of the opening of the bids which occurred on September 24, 1935. The Navy Department did not present such a contract to the plaintiff until January 3, 1936 and the same was dated back to October 8, 1935 providing for shipments to be made on dates prior to the date of presentation of the contract for signature, with which provisions as to shipment plaintiff could not comply, since certain of the dates of delivery had then long since elapsed. Plaintiff requested that the date of the contract be extended to the date when it was presented to plaintiff for execution, but the Navy Department refused to do so. Plaintiff therefore could not and did not perform the said contract. On March 20, 1936 the Navy Department notified plaintiff that it had purchased the materials covered by plaintiff's bid, in the open market at a sum of $3,597 in excess of plaintiff's bid and demanded said sum from plaintiff.

On September 24, 1935, defendant National Surety Corporation entered into a bond in favor of the United States of America guaranteeing that if plaintiff's bid was accepted, plaintiff would within ten days after notice execute a contract for the same and give a performance bond to cover it. Under his agreement with the Surety Corporation, plaintiff agreed to deposit with the Surety Corporation funds in such amount as they should deem necessary as a reserve in the event that the United States of America should make any claim against the plaintiff on its bid. The United States of America served notice of its claim against plaintiff and demanded payment from the Surety Corporation. The Surety Corporation then instituted a suit in the Court of Chancery of New Jersey to compel plaintiff to deposit with it the sum of $3,597 by reason of said Government claim, and a decree was entered in said suit ordering plaintiff to make such deposit, the same to remain with the Surety Corporation until the claim of the Government is adjudicated. The Government has refused to sue plaintiff on the claim and the Surety Corporation threatens to enforce its decree. Plaintiff seeks no money judgment but prays for a decree here declaring the rights of the parties to the subject matter in controversy and appropriate injunctions.

The defendant, United States Government, moves to dismiss the complaint upon four grounds: (1) Upon the ground that the complaint fails to disclose a cause of action cognizable under the Declaratory Judgment Act, (2) that this Court is without jurisdiction, (3) that there is a misjoinder of parties in that the Government is joined with the Surety Corporation as a defendant, and (4) that the Declaratory Judgment Act is not applicable to the Government.

■ Taking these points up in the order stated, it is found under (1) that aside from the fact that the Government is a defendant, the cause of action disclosed is one which is cognizable under the Declaratory Judgment Act, Title 28 U.S.C. § 400, 28 U.S.C.A. § 400, because in the language of the statute, an "actual controversy" exists between the parties. Under (2), the Court must ascertain its jurisdiction, and this is found in Title 28 U.S.C. § 41, 28 U.S.C.A. § 41, wherein it is provided that district courts shall have original jurisdiction, (20) in suits against the United States "Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon * * * any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable, * * *."

■ While such a suit as that above briefly described would ordinarily lie in equity, here the concern is with the jurisdiction of the Court. The United States Supreme Court held in United States v. Alire, 6 Wall. 573, 576, 18 L.Ed. 947, that the jurisdiction is confined to "cases in which the petitioner sets up a moneyed demand as due from the government." See United States v. Turner, 8 Cir., 47 F.2d 86, wherein this point is carefully considered and further citations given. It follows then that no money judgment being sought, the motion to dismiss on this ground must be granted.

■ Point (3) raises the question of misjoinder in bringing in the Surety Cor-

poration as a defendant. In Waite v. United States, 57 Ct.Cl. 546, it was held that the Court of Claims was limited in its jurisdiction to suits against the United States for the recovery of money judgments. The jurisdiction of this Court is likewise limited in the instant case and can not permit the bringing in of any defendant save the Government. The motion to dismiss on this ground is therefore granted.

■ Under point (4) it is urged that the Declaratory Judgment Act does not apply to the Government. In Twin Cities Properties v. United States, 81 Ct.Cl. 655, it is held that: "If Congress had intended to expand the scope of this court's jurisdiction and subject the United States to the declaratory judgment act, we think express language would have been used to do so, and the court is not warranted in assuming an intention to widen its jurisdiction from the general provisions of the act."

Whether or not the Declaratory Judgment Act extends the jurisdiction of the Court or merely presents a new method of procedure, it is assumed here that the Court of Claims had the point in mind and its ruling should stand until reversed by an Appellate Court.

An order will be entered dismissing the complaint.