**LOWE v. UNITED STATES et al.**

Civil No. 1092.

District Court, D. New Jersey.

April 9, 1941.

William H. Campbell, Jr., of Newark, N. J., for plaintiff.

Katzenbach, Gildea & Rudner, of Trenton, N. J., for defendant Chase Foundry & Manufacturing Co.

FORMAN, District Judge.

The facts as alleged in plaintiff's petition and complaint are as follows:

On March 8, 1931, plaintiff, a resident of New Jersey, entered into a contract with the United States for the sale of certain railway dump cars and extra bodies to be delivered to the Panama Canal at Cristobal, Canal Zone. Prior to the making of this contract plaintiff submitted the government's specifications for the property and equipment to the defendant, Chase Foundry and Manufacturing Co., which ultimately agreed with the plaintiff to manufacture, and furnish the equipment pursuant thereto, and further agreed with the plaintiff that the goods would be subject to preliminary inspection at Columbus, Ohio, by the Government Inspector, prior to shipment, and subject to final inspection by the Government Inspector at the Canal Zone. Thereupon, the defendant, Chase Foundry and Manufacturing Co., proceeded to manufacture the equipment. When it was completed the Government Inspector passed upon the same at Columbus, Ohio, as being

in accordance with the government specifications. The defendant, Chase Foundry and Manufacturing Co., then caused the equipment to be shipped to the Canal Zone and demanded payment from the plaintiff. Plaintiff made payment to the defendant, Chase Foundry and Manufacturing Co., in accordance with its contract with it, but with the specific promise and agreement made by the defendant, Chase Foundry and Manufacturing Co., that it would hold the plaintiff harmless should any of the property or equipment be rejected for any reason upon final inspection by the Government Inspector at the Canal Zone.

Upon final inspection at the Canal Zone, the equipment was rejected by the Government, as not being in accordance with the specifications and the United States failed to pay the plaintiff the agreed contract price therefor. The plaintiff thereupon made demand upon the defendant, Chase Foundry and Manufacturing Co., for refund of the contract price previously paid, but the defendant, Chase Foundry and Manufacturing Co., failed to comply with the plaintiff's request, claiming that the equipment was manufactured and delivered in accordance with the government specifications, with the result that plaintiff has not obtained repayment of his money, nor has he been able to obtain payment for the said goods from the United States.

Claim for relief is sought against the United States under 28 U.S.C.A. §§ 41 (20), 762 et seq., known as the "Tucker Act", in the sum of $1,334.70, or in the alternative, relief is sought in the same amount against the defendant, Chase Foundry and Manufacturing Co.

The petition and complaint shows that the Chase Foundry and Manufacturing Co. is a corporation transacting its business in Columbus, Ohio. The return of the summons by the Marshal does not show that service was made on this corporation in New Jersey, but on the contrary shows it was made by the Marshal in and for the appropriate district in Ohio.

Defendant agrees that the United States pursuant to the "Tucker Act" consents to be sued "in amounts not exceeding $10,000" in certain cases in the district court in and for the district wherein plaintiff resides. However, it appears specially and moves to quash service upon it on the ground that the Chase Foundry and Manufacturing Co. cannot be sued in this district because it is not an inhabitant herein as required by 28 U.S.C.A. § 112 relating to the general jurisdiction of the district courts.

The plaintiff insists that since the "Tucker Act" fixes the jurisdiction for suit as the district in which the plaintiff resides, and since broad power of permissive joinder is given under Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, his complaint is cognizable in this district against a party residing outside of it for the alternative relief which he claims. As a basis for his theory he cites the case of Sherwood v. United States, 112 F.2d 587, wherein the Second Circuit Court of Appeals (reversing the lower court) sustained such a joinder of parties in an action primarily founded on the "Tucker Act", although in that case the defendant, a party named Kaiser, sought to be joined with the United States, resided in the State of New York and the district wherein the suit was instituted.

Since the submission of the motion herein, the Circuit Court of Appeals in the above case was reversed on appeal to the Supreme Court. United States v. Sherwood, 61 S.Ct. 767, 771, 85 L.Ed. ——, filed March 31, 1941. The Court pointed out that pursuant to 28 U.S.C.A. § 41 (20) district courts are given concurrent jurisdiction with the Court of Claims in amounts not exceeding $10,000, and that it has been uniformly held that the jurisdiction of the Court of Claims is confined to the rendition of money judgments brought for that relief against the United States, and if relief should be sought against others than the United States the suit as to them would be ignored as beyond the jurisdiction of the Court. The Court concluded that the "Tucker Act" did no more than authorize the district courts to sit as a Court of Claims and that the authority thus given to adjudicate claims against the United States does not extend to any suit which could not be maintained in the Court of Claims. Hence, it held that the District Court was without jurisdiction to hear a claim against the United States joined with that against Kaiser.

With reference to the lower court's application of the "Tucker Act" to suits against third parties joined with the government, the Court stated:

"But the question remains whether such a suit is nevertheless within the jurisdiction conferred by the Tucker Act on the

district courts. The Court of Appeals thought that the obstacles to joining private parties, as parties defendant, in suits against the Government are procedural only, and that while no procedure is provided whereby the Court of Claims can adjudicate the rights of private parties in suits against the Government, that court is nevertheless free to adopt such a procedure. Cf. 28 U.S.C. § 263, 28 U.S.C.A. § 263. In any case it thought such procedure has now been made applicable to suits in the district courts by the new rules of civil practice. It concluded that since the District Court, under the Tucker Act has jurisdiction to adjudicate claims against the United States and by virtue of other provisions of the Judicial Code has jurisdiction to adjudicate the issues between respondent and the judgment debtor, the Rules of Civil Procedure authorize the exercise of both jurisdictions in a single suit.

■ "This conclusion presupposes that the United States, either by the rules of practice or by the Tucker Act or both, has given its consent to be sued in litigations in which issues between the plaintiff and third persons are to be adjudicated. But we think that nothing in the new rules of civil practice so far as they may be applicable in suits brought in district courts under the Tucker Act authorizes the maintenance of any suit against the United States to which it has not otherwise consented. An authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction and the Act of June 19, 1934, 48 Stat. 1064, 28 U.S.C. § 723b, 28 U.S.C.A. § 723b, authorizing this Court to prescribe rules of procedure in civil actions gave it no authority to modify, abridge or enlarge the substantive rights of litigants or to enlarge or diminish the jurisdiction of federal courts."

■ The Court's conclusion was stated as follows: "Construing the statutory language with that conservatism which is appropriate in the case of a waiver of sovereign immunity and in the light of the history of the Court of Claims' jurisdiction to which we have referred, we think that the Tucker Act did no more than authorize the District Court to sit as a court of claims and that the authority thus given to adjudicate claims against the United States does not extend to any suit which could not be maintained in the Court of Claims. See United States v. Jones, supra, 131 U.S. [1] 19, 9 S.Ct. [669] 671, 33 L.Ed. 90; United States v. Pfitsch, 256 U.S. 547, 550, 41 S.Ct. 569, 570, 65 L.Ed. 1084; cf. Bates Mfg. Co. v. United States, 303 U.S. 567, 571, 58 S.Ct. 694, 696, 82 L.Ed. 1020. The matter is not one of procedure but of jurisdiction whose limits are marked by the Government's consent to be sued. That consent may be conditioned, as we think it has been here, on the restriction of the issues to be adjudicated in the suit, to those between the claimant and the Government. The jurisdiction thus limited is unaffected by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which prescribe the methods by which the jurisdiction of the federal courts is to be exercised, but do not enlarge the jurisdiction."

■ Our decision herein is controlled by the above case, and, hence, the complaint against the Chase Foundry and Manufacturing Co. will be dismissed.