**BAUMGOLD BROS., INC., et al.,**
**Plaintiffs,**

v.

**ALLAN M. FOX CO.—EAST et al.,**
**and**
**United States of America, Defendants.**

**No. C 71–322.**

United States District Court,
N. D. Ohio, E. D.

Jan. 19, 1972.

Ronald H. Isroff, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, for plaintiffs.

Leonard B. Scharfeld, Cleveland Heights, Ohio, for defendant.

Frederick Coleman, U. S. Atty., Donald Jaffe, Asst. U. S. Atty., for the United States.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

The United States has moved for reconsideration of the Court's denial of its motion to dismiss for lack of jurisdiction. Plaintiffs allege that this Court has jurisdiction between them and defendant Allan M. Fox Company—East on the basis of diversity (28 U.S.C. § 1332) and over the United States pursuant to the Tucker Act, 28 U.S.C. § 1346(a) (2). The question before the Court is whether it has jurisdiction to consider suit for breach of contract between private litigants and at the same time enlarge that dispute to encompass a suit against the United States.

In June of 1968 plaintiff mailed to defendant Fox two diamonds allegedly valued at $10,033.00. Prior to mailing them, the plaintiff insured them with the defendant United States against loss or damage in the amount of $8,000.00. The diamonds were allegedly lost either while in transit under the custody of the United States or subsequent to their delivery to defendant Fox. Plaintiffs, Baumgold and their insurer, Orion Insurance Company, and the representatives of underwriters at Lloyds, London, filed this action to recover against defendant Fox the sum of $10,033.00 or, in the alternative, to recover $8,000.00 from the United States. This claim against the United States, it should be noted, is in the alternative and is not derivative from or dependent upon plaintiffs' claim against defendant Fox.

The case against Fox falls within the diversity jurisdiction of the Court, while the claim against the United States is under the Tucker Act which affords concurrent jurisdiction to the district courts and the Court of Claims on claims under $10,000.00.

■■ The United States is immune from suit except as it consents to be sued. United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194 (1877); United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1939). The terms of its consent to be sued define the parameters of the Court's jurisdiction to entertain a suit. Minnesota v. United States, 305 U.S. 382, 388, 59 S.Ct. 292, 83 L.Ed. 235 (1938) and cases cited. Section 2 of the Tucker Act, 28 U.S.C. § 1346(a) (2) confers jurisdiction on the district courts "concurrent with the Court of Claims of all claims not exceeding $10,000.00 founded . . . upon any contract . . . with the Government of the United States, or for damages . . . in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity or admiralty, if the United States were suable. . . ."

In suits for breach of contract, the Court of Claims has exclusive jurisdiction as to those of $10,000.00 or more. In addition,

". . . [i]t has been uniformly held, upon a review of the statutes creating the court (of claims) and defining its authority, that its jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, United States v. Alire, 6 Wall. 573 [18 L.Ed. 947]; United States v. Jones, 131 U.S. 1 [9 S.Ct. 669, 33 L.Ed. 90], and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court. United States v. Jones, *supra*; Lynn v. United States, [5 Cir.] 110 F.2d 586, 588; Leather & Leigh v. United States, 61 Ct.Cl. 388, or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed." United States v. Sherwood, 312 U.S. 584, 588, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941).

The United States contends that the Supreme Court in *Sherwood*, in addition, held that the Tucker Act did not confer jurisdiction on the District Court to consider suits against the United States in conjunction with suits between private litigants. Some courts have accepted

this reading of *Sherwood*. Lowe v. United States, 37 F.Supp. 817 (D.N.J. 1941) ; Fett Roofing & Sheet Metal Co. v. Seaboard Surety Co., 294 F.Supp. 112 (E.D.Va.1968) ; *Cf.* Glidden Co. v. Zdanok, 370 U.S. 530, 82 S.Ct. 1459, 8 L. Ed.2d 671 (1962) ; United States v. United States Fidelity, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1938).

At first blush, a reading of Rule 20(a), F.R.Civ.P. would conscience joinder of the United States as a defendant along with another defendant in a situation such as is present here. Mr. Chief Justice Stone in *Sherwood* said:

> "We think that the Tucker Act did no more than authorize the District Court to sit as a court of claims and that the authority thus given to adjudicate claims against the United States does not extend to any suit which could not be maintained in the Court of Claims. . . . The matter is not one of procedure but of jurisdiction whose limits are marked by the Government's consent to be sued. That consent may be conditioned, as we think it has been here, on the restriction of the issues to be adjudicated in the suit, to those between the claimant and the Government. The jurisdiction thus limited is unaffected by the Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c], which prescribe the methods by which the jurisdiction of the federal courts is to be exercised, but do not enlarge the jurisdiction." United States v. Sherwood, 312 U.S. 584, 590–591, 61 S.Ct. 767, 771 (1941).

A district court always treats decisions of the United States Supreme Court, especially a decision by late Chief Justice Stone, with the utmost respect; yet this case is unusual in that circumstances have changed since 1941, and the case at bar is significantly different from *Sherwood*. The Court of Claims is no longer a legislative court, Ex parte Bakelite Corp., 279 U.S. 438, 452 et seq., 49 S.Ct. 411, 73 L.Ed. 789 (1928) ; H. Hart & H. Wechsler, The Federal Court

and the Federal System 340–351 (1953), whose power was derived from the congressional power "to pay the debts . . . of the United States." The Supreme Court in Glidden Co. v. Zdanok et al., 370 U.S. 530, 82 S.Ct. 1459, 8 L. Ed.2d 671 (1962) held that the Court of Claims and the Court of Customs & Patent Appeals were Article III rather than Article I courts and affirmed the proposition that the District Court has concurrent jurisdiction under the Tucker Act over suits for fewer than $10,000.00. In spite of its "court of claims jurisdiction," the district court retains its own unique trappings and is obliged to follow its own procedure (the Federal Rules of Civil Procedure) rather than the practice and procedure of the Court of Claims, save and except the jury trial provision of the Seventh Amendment, which is not applicable to the Court of Claims or the District Court sitting as a "court of claims." McElrath v. United States, 102 U.S. 426, 26 L.Ed. 189 (1880) ; Williams v. United States, 289 U.S. 553, 570, 571, 53 S.Ct. 751, 77 L.Ed. 1372. See 3 Moore, Federal Practice, p. 20.07(3).

*Sherwood* was a case in which the New York Supreme Court authorized a judgment creditor (Sherwood) to sue under the Tucker Act to recover damages from the United States for breach of its contract with the judgment debtor (Kaiser). The state court directed that out of the recovery the judgment creditor should be entitled to a sufficient amount to satisfy this judgment with interest and costs. After Sherwood recovered $5,567.22 from Kaiser in state court, he brought suit in the District Court for Eastern New York for $10,000.00 against the United States. Chief Justice Stone pointed out that the federal suit could not have been maintained in the Court of Claims because "that court is without jurisdiction of any suit brought against private parties." While *Sherwood* indicates that the Court of Claims would not have jurisdiction over private parties as parties defendant, the facts in *Sherwood* indi-

cate that the case has an inherent difference from this case. The claims there were dependent rather than in the alternative. There, the suit in federal court was directly dependent on the result of the suit in state court. In the case at bar, either an employee of the United States mail did not deliver the diamonds *or* Fox lost them after receipt, or neither occurred. This is quite different from the situation in *Sherwood*. While containing what seems to be much relevant dicta, *Sherwood* is not directly on point.

One district court, immediately on the heels of *Sherwood*, however, applied that case to facts similar to the case at bar. In Lowe v. United States, 37 F.Supp. 817 (D.N.J.1941), a case relied on heavily by the United States, the plaintiff sued the Government under the Tucker Act for its failure to pay the agreed contract price for certain equipment which the Government rejected or in the alternative to recover from the defendant foundry company which had manufactured the equipment under a contract with plaintiff that it would meet the Government's specification. Professor Moore writes: "Procedurally this is a case where joinder is clearly justified and the United States should be subject to joinder." 3 Moore, *supra*, f.n. 35. See also, 2 Barron & Holtzoff (Wright), Section 533, text at footnotes 55–57 (1961). The Court in *Lowe* relied heavily on *Sherwood* and precluded joinder. However, Professor Moore went on to state that the case "should not be regarded as authoritative." 3 Moore, *supra*.

This Court is in agreement with Professor Moore. The theory and approach taken by the court in *Lowe* is unsound. It seems somewhat anomalous that this Court should be unable to maintain jurisdiction over all parties in one trial merely because they come into this Court under two different grants of jurisdiction when, as in the instant case, the liability is in the alternative. Either the diamonds were properly handled

or they were not. Either they were received and lost by Fox or they were not. This is the type of situation handled daily by district courts across this nation. Since this Court finds *Sherwood* not to be controlling and *Lowe* as not authoritative, it can see no reason why this case should not fall within the provision of Rule 20(a), F.R.Civ.P.

Therefore, since this Court has jurisdiction over the claim of the United States and the claim against the other defendant, and it deems joinder to be proper under Rule 20(a), it shall not dismiss any part of this suit. As Professor Moore clearly states: "Even in Tucker Act cases the problem of joinder should not be embarrassed by any doctrine of sovereign immunity." 3 Moore, Federal Practice, p. 20.07(3), 2864–2869. See generally, Black, Suits against Government Officers and the Sovereign Immunity Doctrine, 59 Harv. L.Rev. 1060 (1946).

An additional factor is present in this case which weighs somewhat heavily in favor of joinder. Neither the plaintiff nor defendant Fox has made a jury demand. While sitting as a court of claims, it is well established, this Court is precluded from holding a jury trial. McElrath v. United States, *supra*; Williams v. United States, *supra*, 289 U.S. 570, 571, 53 S.Ct. 751 (1928); Ex parte Bakelite Corp., *supra*, 279 U.S. 453, 49 S.Ct. 411 (1932). Therefore, the entire case will be tried to the Court and no complex jury instructions need be given to charge the jury as to one defendant and not the other. The Court may hear all evidence as it relates to each and every defendant, decide who if anyone is liable, and then make an appropriate determination. This is in keeping with its role as a United States District Court and within the spirit of the Federal Rules. Therefore, the defendants' motion for reconsideration is denied. The motion of the United States to dismiss is denied.

It is so ordered.