**The CHASE MANHATTAN BANK, N.A.**

v.

**FLEXWATT CORPORATION,
O. Munthe–Jonassen, and
Flexwatt Europe A/S.**

Civ. A. No. 89-2917-N.

United States District Court,
D. Massachusetts.

Dec. 11, 1991.

Edward T. Robinson, Robinson & Berger, Wellesley, Mass., for plaintiff.

Eric Duetsch, Margaret A. Flanagan, Testa, Hurwitz & Thibeault, Ann Marie T. Hill, Craig E. Stewart, Palmer & Dodge, Boston, Mass., for defendants.

## ORDER

HARRINGTON, District Judge.

Report and Recommendation is adopted by the Court.

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS OF DEFENDANTS O. MUNTHE–JONASSEN AND FLEXWATT EUROPE A/S (# 4–D)

ROBERT B. COLLINGS, United States Magistrate Judge.

### I. INTRODUCTION

Plaintiff, The Chase Manhattan Bank, N.A. ("Chase"), is a national banking asso-

---

ciation with a principal place of business in New York, New York. Flexwatt Corporation ("Flexwatt") is a Massachusetts corporation with a principal place of business in the Commonwealth. O. Munthe–Jonassen ("Jonassen"), an individual, is a Norwegian citizen living in Oslo, Norway. Flexwatt Europe A/S ("FEAS") is a Norwegian corporation with a principal place of business in Norway. Defendants Jonassen and FEAS contend that the complaint fails to state a claim and that the Court lacks personal jurisdiction over them; they have filed a joint motion to dismiss the complaint pursuant to Rules 12(b)(2) and 12(b)(6), Fed. R.Civ.P. The motion has been referred to the undersigned for the issuance of a report and recommendation as to disposition in accordance with the provisions of 28 U.S.C., § 636(b)(1)(B).

## II. THE FACTS

According to the allegations of the complaint, on or about December 21, 1987, Jonassen and Flexwatt executed a letter of intent that reflected the parties' intention to negotiate an agreement whereby Flexwatt would grant a license to Jonassen or an agent to be named for certain Flexwatt heating element technology. FEAS is alleged to be "the agent" of Jonassen. The letter of intent provided, *inter alia*, that before the close of business on December 31, 1987, a $150,000 escrow deposit was to be made by Jonassen/FEAS at Chase in New York City. It was further specified that Chase should act as the escrow agent with respect to that deposit.

A representative of FEAS sent a telex to Flexwatt on or about December 29, 1987, confirming that the $150,000 transfer of funds to Chase was underway. The following day the money was wired from FEAS through the Bergen Bank, Oslo, Norway to Chase in New York. The deposit was thereafter forwarded by Chase to the State Street Bank and Trust Company in Boston, Massachusetts, where it was placed into an account under the name "Flexwatt Europe." By telex dated January 5, 1988, Flexwatt acknowledged receipt of the $150,000 and stated that an escrow account had been set up with State Street Bank and Trust, Boston, in the name of Flexwatt Europe. It is alleged that FEAS agreed and/or acquiesced to the establishment of the account in Boston as opposed to New York.

Flexwatt and Jonassen/FEAS never entered into a final license agreement as was contemplated in the letter of intent. After March 31, 1988, Flexwatt withdrew the $150,000 from the Flexwatt Europe account without any authorization from either Chase or FEAS. Flexwatt claimed to be entitled to the monies withdrawn pursuant to the terms of the letter of intent and, consequently, has refused to return the $150,000 to Chase. FEAS has disputed that Flexwatt is the owner of or otherwise entitled to the funds and has demanded return of the $150,000 from Chase.

In the midst of these countervailing claims, Chase is alleged to be exposed to double liability with respect to the $150,000 deposit. By its complaint, Chase seeks to have Flexwatt and FEAS interplead their claims against each other in order that the Court can determine which entity is entitled to the monies.

## III. THE LAW

It is to be recalled that prior to instituting suit, Flexwatt withdrew the $150,000 from the account at the State Street Bank. Chase, therefore, was no longer custodian of those funds. Also, after commencing suit, Chase payed FEAS $150,000. Regardless of whether the case is analyzed from the date of the complaint or at present, FEAS and Jonassen argue that the Chase does not have a claim in interpleader and, therefore, the complaint should be dismissed. This point is well taken.

Chase has pleaded its complaint as stating a cause of action in interpleader under Rule 22, Fed.R.Civ.P., which provides, in pertinent part:

(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that plaintiff is or may be exposed to double or multiple liability.

Interpleader is an equitable device. It is widely acknowledged that

> Traditionally, interpleader has been employed to protect the stakeholder against two or more claims which are mutually exclusive in the sense that a decision on the merits in favor of one of the claimants necessarily dictates a determination that the others are not legally entitled to the fund or any part of it. More recently, however, the utility of interpleader has been demonstrated in quite another context, where it is wisely employed both to protect the stakeholder against multiple vexation and to assure a fair distribution among the claimants of the disputed fund.

3A *Moore's Federal Practice* § 22.02[1] at p. 22–9; Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1702 at p. 493.

Protection of the innocent stakeholder is a common thread in the applicability of the principle of interpleader.

Chase is not now and has not, since instituting suit, been a stakeholder. There is no fund being held. There are no adverse claims being advanced. In short, even affording the principle and purposes underlying interpleader a broad interpretation, the circumstances at hand quite simply do not fall within the realm of Rule 22.

Chase, at least backhandedly, acknowledged this conclusion during oral argument. However, Chase suggested that perhaps Rule 20, Fed.R.Civ.P., which allows permissive joinder of parties, may provide the proper niche for its claim and cited *Baumgold Bros. Inc. v. Allan M. Fox Co.—East,* 336 F.Supp. 175 (N.D.Ohio, 1972) as a classic example of the proper application of Rule 20. However, even if Chase were allowed to join FEAS and Jonassen pursuant to the provisions of Rule 20, such joinder would not obviate the requirement that Chase state a claim against the two defendants. While it is true that Rule 20 permits joinder of parties and pleading claims in the alternative, it does not allow the plaintiff to join a party in circumstances in which the right to relief against the joined party is derivative from and dependent upon plaintiff's failure to succeed against another defendant. *Id.* at 176. As the First Circuit has stated that "[t]o justify permissive joinder, plaintiff must demonstrate some right to relief against [the joined party] growing out of the events in question." *Carroll v. Brotherhood of Railroad Trainmen,* 417 F.2d 1025, 1027 (1 Cir., 1969), *cert. denied* 397 U.S. 1039, 90 S.Ct. 1359, 25 L.Ed.2d 650 (1970).

Herein lies the plaintiff's problem: at present, absent interpleader, Chase's complaint states no cause of action against FEAS or Jonassen. Chase conceded at oral argument that at most it would be subordinated to any potential claim by Flexwatt against FEAS and Jonassen with respect to the $150,000; that is, if Chase lost its suit against Flexwatt, the court deciding that Flexwatt was entitled to the $150,000, Chase might then have a claim against FEAS on the basis that FEAS was not entitled to the $150,000 which Chase paid it. However, this scenario is further complicated by Chase's breach of fiduciary duty to FEAS. In any event, it would seem that any claim by Chase against FEAS and Jonassen at this time is premature. Whether such a claim will ever exist is dependent upon a future event, i.e., a court determination in the litigation between Chase and Flexwatt that Flexwatt was, in fact, entitled to the $150,000.

However, I need not decide this issue. The plain fact is that the complaint purports to state a claim on the principles of interpleader; it fails to do so, and no other claims are presently stated against either FEAS or Jonassen.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated, the Court finds that Chase's complaint fails to state a claim against defendants FEAS and Jonassen. I therefore RECOMMEND that the Motion To Dismiss Of Defendants O. Munthe–Jonassen and Flexwatt Europe A/S (# 4D) pursuant to Fed.R.Civ.P. 12(b)(6) be ALLOWED.

**576**

## V. REVIEW BY THE DISTRICT COURT

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to the within report and recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *United States v. Vega,* 678 F.2d 376, 378–379 (1 Cir., 1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983). *See also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

April 26, 1991.