**LINCOLN NATIONAL LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Bobby BARTON, JoAnn Gant and Gregory Lowry, Defendants.**

No. 08–CV–0087–MJR.

United States District Court, S.D. Illinois.

June 26, 2008.

Jerome E. McDonald, Campbell, Black, Carnine, Hedin, Ballard & McDonald, P.C., Mt. Vernon, IL, Michael J. Smith, Warren von Schleicher, Smith, von Schleicher & Associates, Chicago, IL, for Plaintiff.

Aaron G. Weishaar, Reinert & Rourke, P.C., St. Louis, MO, for Defendant Bobbie Barton.

Brian C. Wernsman, Crain, Miller & Wernsman, Ltd., Centralia, IL, for Defendants JoAnn Gant and Gregory Lowry.

## MEMORANDUM AND ORDER

REAGAN, District Judge.

### I. Factual and Procedural Background

On February 5, 2008, Plaintiff, Lincoln National Life Insurance Company ("Lincoln"), filed suit against Defendants, Bobby Barton ("Barton"), JoAnn Gant ("Gant") and Gregory Lowry ("Lowry") pursuant to 28 U.S.C. §§ 1335 and 1397 and 29 U.S.C. § 1132. This action arises from a dispute over who is entitled to the life insurance proceeds of Ronald Lowry, a former employee of Sunrise Auto World. Asserting colorable claims to the life insurance proceeds are Ronald's daughter (Barton), Ronald's ex-wife (Gant) and Ronald's brother (Lowry). On August 31, 2007, Barton submitted to Lincoln a claim to recover benefits under the Plan. On September 6, 2007, Lincoln approved Barton's claim and tendered two checks payable to

her in the amounts of $10,000.00 and $50,000.00. On September 10, 2007, Lowry and Gant notified Lincoln of their claim to Ronald's life insurance benefits pursuant to four Beneficiary Designation Forms, each purportedly signed by Ronald, dated August 21, 2007 (nine days before Ronald's death), and designating Lowry and Gant each as 50% primary beneficiaries of Ronald's life insurance coverage. Lincoln first denied Lowry's and Gant's claims and subsequently attempted to regain the money erroneously paid to Barton. Having failed to obtain a return of the money and unable to resolve the conflicting claims, Lincoln filed an interpleader complaint in this Court, asking the undersigned Judge to direct Barton to tender to the Clerk of Court the $60,000.00 in life insurance benefits received by her and to determine the proper disposition of the proceeds.

Upon threshold review, the Court determined that it needed additional facts to determine that jurisdiction lies. Consequently, the Court ordered the parties to file Jurisdictional Memoranda addressing whether Lincoln can pursue an interpleader action on the facts set forth in the Complaint. In compliance with that Order, the parties have filed their memoranda, and the Court now assesses the record before it.

## II. *Analysis*

Rule 22(1) of the Federal Rules of Civil Procedure states that "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." The purpose of interpleader is to protect a stakeholder from liability when it is forced to choose between competing claims. *Commercial Nat'l Bank of Chicago v. Demos,* 18 F.3d 485, 487 (7th Cir.1994). In an interpleader action, the stakeholder puts the money in dispute into court, withdraws from the proceeding and leaves the competing claimants to litigate the ownership of the money. *Id.*

Here, however, Lincoln has already paid the money out. It appears, therefore, at first blush, that Lincoln is too late to file an interpleader action. If Lincoln were unsure of whether it should pay the proceeds to Barton, it should have filed an interpleader action *before* it paid out the money. *Taylor v. Kemper Financial Services Co.,* 1999 WL 782027, *4 (N.D.Ill.1999) (citing *Chase Manhattan Bank, N.A. v. Flexwatt Corp.,* 139 F.R.D. 573 (D.Mass.1991)) (bank had no interpleader claim as it had already paid out the disputed funds).

Lincoln argues, however, that interpleader is appropriate because it is faced with competing claims and interpleader is necessary so that Lincoln is not exposed to double liability. Lincoln contends that federal question jurisdiction is secure because Lincoln seeks to enforce an equitable lien and to obtain a declaration of rights pursuant to § 502(a)(3), and because the coercive action filed by Gant and Lowry seeks relief under § 502(a)(1)(B).

The Court has carefully reviewed the case law submitted by Lincoln. Lincoln first cites *In re Enron Corp, Securities, Derivative & "Erisa" Litigation,* 391 F.Supp.2d 541, 560 (S.D.Tex.2005), to substantiate that interpleader does not require that a party deposit money or property into the court's registry. In *Enron,* the Court stated that "... a Rule 22 interpleader, unlike a statutory interpleader under 28 U.S.C. § 1335, does not require a deposit to establish jurisdiction." 391 F.Supp.2d at 560 (citations omitted). "The date a statutory interpleader is 'commenced,' however, is the date when the interpleader fund is deposited with the Court." *Id.* at 563 (citations omitted). Lincoln apparently concedes that statutory interpleader is not an appropriate basis upon which to found the Court's jurisdiction—there being no deposit—and seeks to proceed under Rule interpleader only. "A Rule 22 interpleader does not require a deposit and the court may determine the parties' rights as of the date the interpleader action was filed." *Id.*

Nothing in *Enron,* however, or in any other case cited by Lincoln, leads the Court to the conclusion that interpleader is appropriate under Rule 22 where, as here, Lincoln is not a *stakeholder* faced with rival claims. Additionally, as Lincoln points out, Rule 22 is a procedural device and does not confer fed-

eral jurisdiction. *See Commercial Nat'l*, 18 F.3d at 488.

Lincoln appears to argue that if there is an underlying question of federal law, the other requirements of interpleader need not be met. The Court is not persuaded that Lincoln is correct. Lincoln attempts to distinguish *Taylor v. Kemper Financial Services Co.*, 1999 WL 782027 (N.D.Ill.1999), but *Taylor* is closely analogous to the current proceeding. Stated succinctly, in *Taylor*, Kemper violated its fiduciary duties under ERISA when it mistakenly paid the wrong beneficiary. 1999 WL 782027 at *2. Even though there was an underlying question of federal law (as here, ERISA), the Court dismissed Kemper's counterclaim and cross-claims, explaining as follows:

> The purpose of interpleader is to protect a stakeholder from liability when it is forced to choose between competing claims. In an interpleader action, the stakeholder puts the money in dispute into court, withdraws from the proceeding and leaves the competing claimants to litigate the ownership of the money. That is not what is happening here. The crucial difference between this case and an interpleader action is that in an interpleader action the stakeholder has not yet paid either of the claimants. Here the money has already been paid out. Kemper is therefore too late to file an interpleader action. *Taylor*, 1999 WL 782027, *4 (internal citation omitted).

As in *Taylor*, Lincoln is too late to file an interpleader action despite the underlying federal question.

Although the Court will dismiss the central claim in this action, the counterclaim may not be dismissed if any facts might be established within counterclaimants' allegations that would permit a judgment for them. *See Duda v. Board of Education of Franklin Park Public School District No. 84*, 133 F.3d 1054, 1057 (7th Cir.1998). Gant's and Lowry's claim is brought, pursuant to 29 U.S.C. § 1132(a)(1)(B), to recover death benefits due them as beneficiaries under an ERISA plan. Because the counterclaim alleges facts which, if proven, would entitle Gant and Lowry to relief, there is no basis for dismissal of that claim. However, in the interests of clarity, the Court will require Gant and Lowry to amend their counterclaim to reflect properly the parties and claims remaining.

### III. *Conclusion*

The Court **DISMISSES** Lincoln National Life Insurance Company's complaint without prejudice for lack of jurisdiction. The Court **DIRECTS** Counterclaimants Gant and Lowry to file an amended counterclaim on or before July 25, 2008. Failure to timely file an amended counterclaim may result in dismissal. Defendant Barton's motion to dismiss (Doc. 9) is **DENIED** as moot.

**IT IS SO ORDERED.**