The UNITED STATES, and Perot Systems Corporation, Appellants,

v.

ELECTRONIC DATA SYSTEMS FEDERAL CORPORATION and Planning Research Corporation, Appellees.

No. 88–1543.

United States Court of Appeals, Federal Circuit.

Sept. 29, 1988.

Helene M. Goldberg, Commercial Litigation Branch, Dept. of Justice, and Clifton Elgarten, Crowell & Moring, Washington, D.C., argued, for appellants. With them on the briefs were John R. Bolton, Asst. Atty. Gen. and David M. Cohen, Director, Dept. of Justice and Eldon H. Crowell and James J. Regan, of Crowell & Moring, of counsel.

Ronald A. Schechter, Jones, Day, Reavis & Pogue, and Cyrus E. Phillips, IV, McGuire, Woods, Battle & Boothe, Washington, D.C., argued, for appellee. With them on the briefs were John W. Chierichella, Donald C. Holmes, Michael A. Gordon, Judith B. Kassel and Linda T. Maramba, Jones, Day, Reavis & Pogue and Richard P. Shlakman, Electronic Data Systems Federal Corp., Bethesda, Md. and William H. Butterfield and Thomas F. Farrell, II, McGuire, Woods, Battle & Boothe, Washington, D.C., of counsel.

Joseph A. Vergilio, Acting Chief Counsel of the General Services Admin. Bd. of Contract Appeals, Washington, D.C., entered an appearance.

Before NEWMAN, BISSELL and MAYER, Circuit Judges.

BISSELL, Circuit Judge.

On July 6, 1988, The United States and Perot Systems Corporation (Perot) petitioned this court for a writ of mandamus directing the General Services Administration Board of Contract Appeals (Board) to dismiss the protests of Electronic Data Systems Federal Corporation (EDS), GSBCA No. 9524–P, and Planning Research Corporation (PRC), GSBCA No. 9525–P, for lack of jurisdiction. EDS, PRC, and the Board filed responses, and the United States and Perot submitted replies. The parties also submitted various motions and related documents.

On August 4, 1988, the Board issued a final decision in the underlying protests, and this matter became ripe for appeal. On August 5, 1988, the United States and Perot informed the court of their intent to appeal. Accordingly, the court determined to treat the mandamus petitions as notices of appeal, and to deem the petitions, responses, replies and other documents filed in the mandamus docket as briefs in the appeal. For the reasons stated below, we vacate the decision of the Board, and remand to the Board with instructions to dismiss the case for lack of jurisdiction. All pending motions are denied, or are moot.

## BACKGROUND

On May 27, 1988, the United States Postal Service awarded a contract to Perot under which Perot would engage in certain studies for the Postal Service, and then have the exclusive right for five years to implement the recommendations made in the studies. The studies and recommendations involve procurement by the Postal Service of automated data processing equipment (ADPE).

On June 16, 1988, EDS and PRC filed protests with the Board challenging the propriety of this award. Thereafter, Perot intervened in the protests. On June 22, 1988, the Postal Service moved to dismiss on the ground that the Board did not have jurisdiction over the protests. On July 7, 1988, the Board also suspended the contract for the duration of the proceedings as a sanction against the Postal Service and Perot for their refusal to comply with the Board's discovery order.* On July 11,

---

\* The Postal Service and Perot asserted two reasons for their refusal to comply with the Board's discovery order. First, they contended the discovery was onerous and would disrupt governmental operations because it involved the depositions of high government officials. Second, the Postal Service had already admitted that if the procurement was subject to the Board's jurisdictional statute, the contract was awarded in violation of the statute. In light of this admission, the Postal Service and Perot maintained that discovery was unnecessary because all that remained was for the Board to grant the protests.

1988, the Board determined that it had jurisdiction under the authority of *Federal Systems Group, Inc.,* GSBCA No. 9394–P, 88–2 BCA ¶ 20,771 (Apr. 19, 1988).

On July 12, 1988, we granted the United States' and Perot's motions for expedited review and temporary stay of discovery. On August 4, 1988, the Board issued its final decision holding the subject contract void ab initio for violation of the Brooks Act and the regulations of the Postal Service. Because the jurisdictional issue is dispositive of this appeal, we consider only that question, and do not reach the merits.

### ISSUE

Whether the Brooks Act, 40 U.S.C. § 759 (1982 & Supp. IV 1986), provides the Board with jurisdiction over Postal Service procurements of ADPE.

### OPINION

#### I.

In the Federal Property and Administrative Services Act of 1949 (FPASA), 40 U.S.C. §§ 471–544 (1982 & Supp. IV 1986), Congress enacted a scheme for the federal procurement of property and services. In 1965, Congress amended the FPASA with the Brooks Act, Pub.L. No. 89–306, 79 Stat. 1127 (1965) (codified as amended at 40 U.S.C. § 759 (1982 & Supp. IV 1986)), which gave the General Services Administration (GSA) broad authority over procurement of ADPE on behalf of the federal government. 40 U.S.C. § 759(a). The Post Office Department, predecessor of the Postal Service, was subject to the Brooks Act. 40 U.S.C. § 474(15) (1964); 40 U.S.C. § 759(c) (Supp. IV 1986).

In 1970, Congress established the Postal Service as the successor to the Post Office Department. Postal Reorganization Act of 1970, Pub.L. No. 91–375, 84 Stat. 719 (codified as amended at 39 U.S.C. §§ 101–5605 (1982 & Supp. IV 1986)). It intended that the Postal Service be run more like a business than its predecessor, and accordingly, launched the Postal Service into the commercial world. *Loeffler v. Frank,* —— U.S. ——, 108 S.Ct. 1965, 1969–70, 100 L.Ed.2d

549 (1988) (quoting *Franchise Tax Bd. of California v. United States Postal Serv.,* 467 U.S. 512, 520, 104 S.Ct. 2549, 2554, 81 L.Ed.2d 446 (1984)). Consequently, Congress exempted the Postal Service from all but specifically enumerated federal procurement laws:

> (a) Except as provided by subsection (b), and except as otherwise provided in this title … no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds … shall apply to the exercise of the powers of the Postal Service.

39 U.S.C. § 410 (1982). Neither subsection (b) nor any other section of Title 39 provides for the application of the Brooks Act to the Postal Service.

Notwithstanding the broad authority given the GSA under the 1965 Brooks Act, by enacting section 410(a) in 1970, Congress expressly excluded the Postal Service from the reach of all federal procurement laws not specifically enumerated, including the Brooks Act. Because the Board's jurisdiction extends only to ADPE procurements conducted under the Brooks Act, 40 U.S.C. § 759(f)(1) (Supp. IV 1986), the Board does not have jurisdiction over the instant protests.

#### II.

The Board determined that it had jurisdiction by simply following its prior decision in *Federal Systems,* 88–2 BCA ¶ 20,771, at 104,959–60. The Board's reasoning there was as follows. The FPASA originally listed the Post Office Department as one of several agencies to which the FPASA did not apply. 40 U.S.C. § 474(15) (1964). In the 1965 amendment to the FPASA, however, the Brooks Act stated that it applied to all the agencies listed in section 474, one of which was the Post Office Department. 40 U.S.C. § 759(c) (Supp. IV 1986). The technical amendment section of the Postal Reorganization Act inserted the Postal Service in place of the Post Office Department in section 474(15). Pub.L. No. 91–375, § 6(m)(2), 84 Stat. 719, 775, 782 (1970). Because the very Act that stated the Postal

Service's exemption from most federal procurement laws also inserted the Postal Service in a list to which the Brooks Act expressly applied, the Board concluded that Congress must have intended the Brooks Act to apply to Postal Service ADPE procurement.

The Board buttressed this conclusion by noting that the 1986 amendments to the Brooks Act specifically excluded all Central Intelligence Agency and certain Department of Defense ADPE procurements from Brooks Act coverage. 40 U.S.C. § 759(a)(3) (Supp. IV 1986). According to the Board, this demonstrated that when Congress intends to limit the scope of the Brooks Act, it does so explicitly. *Federal Sys.*, 88–2 BCA ¶ 20,771, at 104,961–62. In the Board's view, Congress could not have intended to exclude the Postal Service from Brooks Act coverage because it failed to so state this in the Brooks Act.

We find this reasoning unpersuasive. Concerning the technical amendment at issue, it appears to be an attempt to conform a previously existing statute that mentioned the Post Office Department to the Postal Reorganization Act. The Postal Reorganization Act, moreover, itself contravenes the Board's reading of the technical amendment because that Act omits the Brooks Act from the list of enumerated statutes applicable to the Postal Service. In accordance with section 410(a) of Title 39, "no Federal law dealing with public or Federal contracts ... shall apply to the exercise of the powers of the Postal Service" unless specifically provided for in Title 39.

Furthermore, we are loath to give a technical amendment substantive effect that would undermine the Postal Service's independence that "was a part of Congress' general design that the Postal Service 'be run more like a business than had its predecessor, the Post Office Department.'" *Loeffler*, —— U.S. at ——, 108 S.Ct. at 1969 (quoting *Franchise Tax Bd.*, 467 U.S. at 520, 104 S.Ct. at 2554). *See County of Washington v. Gunther*, 452 U.S. 161, 167–76, 101 S.Ct. 2242, 2246–51, 68 L.Ed.2d 751 (1981) (holding that technical amend-

ment of Title VII merely incorporates affirmative defenses of Equal Pay Act, and does not substantively alter criteria for Title VII gender-based wage discrimination claims); *id.* at 192 n. 5, 101 S.Ct. at 2259 n. 5 (Rehnquist, J., dissenting) (interpreting majority opinion as viewing technical amendments as insignificant).

We recognize that the Brooks Act amendments failed to specifically exempt Postal Service procurements. However, such an exemption was unnecessary because Congress had already exempted the Postal Service in section 410(a) of Title 39. Thus, the Board erred in concluding in this case that "the Brooks Act [had] always applied to the Postal Service" because no organization could be exempted from Brooks Act coverage without a specific reference to the Act itself. *Electronic Data Sys. Fed. Corp. and Planning Research Corp.*, GSBCA Nos. 9524–P & 9525–P, slip op. at 6 (July 11, 1988).

## CONCLUSION

For the foregoing reasons, we vacate the Board's decision and remand with instructions to dismiss these protests for lack of jurisdiction. The United States' and Perot's motions for stay pending review are now rendered moot. All other motions are denied.

## COSTS

Costs are awarded to the United States and Perot.

**VACATED AND REMANDED.**