**BELL BCI COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

**and**

**Hitt Contracting, Inc., Defendant–Intervenor.**

No. 03–796C.

United States Court of Federal Claims.

May 13, 2003.

John H. Korns and Ronald S. Perlman, Buchanan Ingersoll, P.C., Washington, D.C., for plaintiff.

Opher Shweiki, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington D.C., for defendant.

Mark S. Dachille, Huddles & Jones, P.C., Columbia, MD, for intervenor.

## OPINION AND ORDER

HODGES, Judge.

Plaintiff Bell BCI filed a bid protest challenging a contract award by the Architect of the Capitol. Defendant filed a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1). The Government contends that this court cannot review procurement decisions by the Architect of the Capitol because that office is not a Federal agency, and that the Architect is a part of the Legislative Branch. Defendant has not established that the Architect is not a Federal agency for jurisdictional purposes, or that this court's Tucker Act jurisdiction would be foreclosed if the Architect were a part of the Legislative Branch.

## BACKGROUND

The Architect of the Capitol solicited bids for the West Refrigeration Plant Expansion at the United States Capitol Power Plant. Plaintiff submitted its proposal in March 2003. The Architect found Bell's technical proposal to be acceptable according to criteria set forth in the solicitation, but it rejected Bell's bid because of the price evaluation. Bell requested a debriefing after the contract award, and filed a protest with the General Accounting Office in April 2003.

The Architect issued a Notice to Proceed to the winning bidder, Hitt Contracting. Bell filed suit in this court seeking an injunction to prevent the work from going forward. The GAO then dismissed Bell's protest, stating that "the matter involved is currently pending before a court of competent jurisdiction." Defendant and intervenor Hitt argue that procurement award decisions made by the Architect of the Capitol are not reviewable in this court under the Tucker Act. 28 U.S.C. § 1491(b).

## DISCUSSION

The Administrative Dispute Resolution Act of 1996 gave this court jurisdiction to hear post-award bid protests occurring on or after December 31, 1996. Pub.L. No. 104–320, §§ 12(a), 12(b). The Tucker Act provides:

> Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a *solicitation by a Federal agency* for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

28 U.S.C. § 1491(b)(1) (emphasis added). We review post-award protests of agency procurement decisions according to Administrative Procedure Act standards. *See, e.g., Impresa Construzioni Geom. Domenico Garufi v. United States,* 238 F.3d 1324, 1332 (Fed.Cir.2001).

The jurisdictional issue in this case turns on the language of the Tucker Act emphasized above, "solicitation by a Federal agency." Defendant argues that this court's bid protest jurisdiction extends solely to Executive Branch contracts. The Architect of the

Capitol is a part of the Legislative Branch, according to defendant. This argument is based on a district court case ruling that the Architect of the Capitol is an officer of Congress. *Vanover v. Hantman* 77 F.Supp.2d 91 (D.D.C.1999).

*Vanover* was a personnel action involving due process and tortious interference with an employment contract pursuant to the Federal Tort Claims Act. It has little application to this case. The law that the court relied on is 2 U.S.C. § 60–1. That statute gives congressional officers the authority to discipline congressional employees. The statute defines officer of the Congress "as used in this section" to include the Architect of the Capitol. 2 U.S.C. § 60–1(b)(2).

## I.

The President appoints the Architect of the Capitol for a term of ten years. 2 U.S.C. § 1801(a)(1). The Architect is responsible not only for the Capitol Building and grounds, but also for the building and grounds of the Supreme Court and the Botanic Gardens. The Architect has statutory authority to act independently, and has access to funds from the Treasury. The Architect does not participate in lawmaking, and is not subject to dismissal by Congress.

The Court of Claims decided a number of cases involving the Architect of the Capitol without raising the issue of jurisdiction. For example, a contractor sued the Architect in the Court of Claims, disputing its payment for work on the United States Botanic Garden. *George A. Fuller Co. v. United States,* 104 Ct.Cl. 176, 1945 WL 4038 (1945). *See also Harwood–Nebel Constr. Co., Inc. v. United States,* 105 Ct.Cl. 116 (1945) (Capitol Power Plant extension), *John McShain, Inc. v. United States,* 179 Ct.Cl. 632, 375 F.2d 829 (1967) (United States Senate Office Building excavation), *Excavation Constr., Inc. v. United States,* 204 Ct.Cl. 299, 494 F.2d 1289 (1974) (James Madison Memorial Building foundation work), and *Baltimore Contractors, Inc. v. United States,* 226 Ct.Cl. 394, 643 F.2d 729 (1981) (Rayburn House Office Building garages).

Defendant contends that these cases do not support jurisdiction because no one challenged or even discussed jurisdiction. Plaintiff could make the same argument to support jurisdiction. No one questioned the Court of Claims' jurisdiction to hear arguments involving the Architect of the Capitol. Defendant also argued that plaintiff could not cite a case filed against the Architect in this court "in the last twenty years." This means to defendant "that this court recognized that ... it does not have jurisdiction." This is not a persuasive argument.

The Government also argues that some of these cases were not bid protests and some were decided before the Contract Disputes Act of 1978. 41 U.S.C. §§ 601–13. Some were bid protests, however, and all were disputes involving the Architect of the Capitol that the Court of Claims resolved.

## II.

Defendant argues that the Architect's exemption from various procurement statues and regulations shows that it is not a "Federal agency." The Competition in Contract Act defines Federal agency as in section 102 of title 40. *See* 31 U.S.C. § 3551 ("an executive agency or an establishment in the legislative or judicial branch of the Government (except the Senate, the House of Representatives, and the Architect of the Capitol ....")).

The Administrative Procedures Act exempts the Architect of the Capitol, according to defendant, based on its reading of the term "agency" in that statute. 5 U.S.C. §§ 701–706. "Agency" is defined as "each authority of the Government of the United States ... but does not include—(A) the Congress ...." 5 U.S.C. § 701(b)(1)(A). The Architect of the Capitol is not excluded from APA coverage. Defendant relies on the statute discussed in *Vanover,* 2 U.S.C. § 60–1(b)(2). *Vanover,* 77 F.Supp.2d 91. That statute designates the Architect a congressional officer for purposes of employee removal and discipline. Federal Acquisition Regulations define federal agency as "any executive agency or any independent establishment in the legislative or judicial branch of the Government (except the Senate, the House of Representatives, the Architect of

the Capitol, and any activities under the Architect's direction)." 48 C.F.R. § 2.101.

These exemptions from procurement statutes and regulations show that the Architect of the Capitol is not a "Federal agency" for purposes of the Tucker Act, according to defendant. The other side of this argument is that drafters of procurement legislation and regulations saw the need to exclude the Architect from the phrase, "executive agency or any independent establishment in the legislative or judicial branch of the Government . . . ." If the Architect were not within the reach of procurement laws to begin with, excluding that agency by statute would hardly be necessary.

The intervenor suggests that we must look at 28 U.S.C. § 451 to determine whether the Architect of the Capitol is a "Federal agency." Section 451 is a definitional section that applies to the federal court system. It defines Agency as "any department, independent establishment, commission, administration, authority, board, or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451.

The intervenor argues that 28 U.S.C. § 451 cannot include the Architect of the Capitol because it is not described by any of the terms used there. For example, *Departments* are listed in 5 U.S.C. § 101. The Architect of the Capitol is not a department in that statute. Congress established the Federal Energy Regulatory *Commission* in 42 U.S.C. § 7171, but it did not establish the Architect's office as a commission. It is not an *Administration* because the intervenor says that Congress "tells us when they establish an administration." *See, e.g.*, 49 U.S.C. § 104, establishing the Federal Highway Administration. Examples of *Authorities* are the Tennessee Valley Authority, 16 U.S.C. § 831, and the Federal Labor Relations Authority, 5 U.S.C. § 7104. The same holds true for *Boards*, 45 U.S.C. § 154 (National Mediation Board), and 12 U.S.C. § 2242 (Farm Credit Administration Board). Examples of *Bureaus* are at 30 U.S.C. § 1 and 13 U.S.C. § 2; and *Independent Establishments* at 24 U.S.C. § 411 and 31 U.S.C. § 702.

The intervenor's point is that Congress created each entity mentioned in 28 U.S.C. § 451 by statute. It is an interesting argument, but organizational terms are used diversely throughout the Government. In fact, the statute cited by the intervenor to define Agency also defines Department as "one of the executive departments enumerated in section 1 of Title 5, unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government." 28 U.S.C. § 451. A Department is an Agency by definition, but depending on the context an Agency may not be a Department; or it may.

### III.

Defendant relies heavily on a case in this court that interpreted 28 U.S.C. § 451, *Novell, Inc. v. United States*, 46 Fed.Cl. 601 (2000). The *Novell* court held that the Tucker Act does not confer jurisdiction to hear a bid protest action against the Administrative Office of the United States Courts. Defendant argues that this court should exclude the Architect of the Capitol from the Tucker Act because section 451 does not list the Architect's office.

Section 451 defines Agency broadly: "The term 'agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451.

The *Novell* court's holding that the Administrative Office of the United States Courts is not subject to Tucker Act jurisdiction is hardly a close precedent for this case, but the court's analysis is important to defendant's position here. Defendant argued in *Novell* that the Tucker Act covers only Executive Branch entities. The court found that the Tucker Act Amendment's use of the term "Federal agency" rather than "agency," might have been an intention not to incorporate the broad definition of Agency found at

28 U.S.C. § 451. It favored the more restrictive definitions in some procurement statutes. *Novell,* 46 Fed.Cl. at 613. "The term 'agency' in 28 U.S.C. § 451 does not reach the judicial branch unless any of the listed entities is the agency in question." *Id.* This is a narrow ruling that depends on the entity involved, a Judicial Branch office.

The court also suggested that in a very close case as *Novell* was, the plaintiff could not meet its burden of proof. *Id.* ("The preferred resolution of this issue turns on the burden of proof to establish jurisdiction, which is solely plaintiffs'.").

### IV.

Another case in this court found that the word "Federal" in the Tucker Act is little more than "a redundancy." *Hewlett–Packard v. United States,* 41 Fed.Cl. 99, 103 (1998). The intervenor in that case, Sun Microsystems, made an argument similar to the Government's here and in *Novell.* That is, the court should consider how the term Federal agency in the Tucker Act Amendments is used in some procurement statutes. The *Hewlett–Packard* court saw no need to go beyond the language of Title 28, however.

> [I]t is difficult to conclude that Congress intended to substantively modify the term "agency" with the word "Federal." This court clearly has no authority over non-Federal entities. Moreover, nothing in the Act's legislative history suggests that Congress intended to invoke a definition from another statute. Under the circumstances, the court concludes that use of the term "Federal agency" in the Tucker Act amounts to a redundancy.

*Hewlett–Packard,* 41 Fed.Cl. at 103 (citations omitted).

### V.

The Federal Circuit resolved this issue in *Emery Worldwide Airlines, Inc. v. United States,* 264 F.3d 1071 (Fed.Cir.2001). The Postal Service awarded a "sole-source" contract to Federal Express for delivery of Express, Priority, and First Class mail. Emery filed an action in this court contesting the contract award. The Post Office contended that it was not subject to the jurisdiction of this court because it is not a "Federal agency," as specified by the Tucker Act. 28 U.S.C. § 1491(b)(1). The court determined that it had subject matter jurisdiction and granted the Government's motion for summary judgment. *Emery Worldwide Airlines, Inc. v. United States,* 49 Fed.Cl. 211, *aff'd,* 264 F.3d 1071 (Fed.Cir.2001). The Federal Circuit ruled that Congress' intent in enacting the Tucker Act Amendments was to "vest a single judicial tribunal with exclusive jurisdiction to review government contract protest actions." *Emery,* 264 F.3d at 1079.

"Title 28 of the United States Code does not define 'federal agency,' [but] it does define 'agency.'" *Id.* at 1080. The Circuit cited the section 451 definition of Agency as including "any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." *Id.* (citing 28 U.S.C. § 451). The court stated,

> [n]othing in § 1491(b)(1) indicates that this definition of "agency" does not apply in determining whether a government entity is a "federal agency" under § 451. Further, § 451 dictates that an "agency" for purposes of Title 28 must be within the domain of the United States. Accordingly, "federal agency" as used in 28 U.S.C. § 1491(b)(1) falls within the ambit of "agency" as used in 28 U.S.C. § 451.

*Id.*

The Post Office attempted to make use of the limiting phrase, "unless context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451. Defendant has made the same argument here. The Circuit ruled that the term "context" in that phrase did not limit the breadth of the definition as defendant has argued. "Under Supreme Court jurisprudence, it is clear that we may only consider statutory text in construing the statutory term 'context.'" *Emery,* 264 F.3d at 1081 (citing *Rowland v. California Men's Colony,* 506 U.S. 194, 199, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)). The Supreme Court ruled in *Rowland* that "'[c]ontext' here means the text of the Act of

Congress surrounding the word at issue, or the texts of other related congressional Acts ...." *Rowland,* 506 U.S. at 199, 113 S.Ct. 716 (interpreting Title 1 U.S.C. § 1). "If Congress had meant to point further afield, as to legislative history, for example, it would have been natural to use a more spacious phrase, like 'evidence of congressional intent,' in place of 'context.'" *Rowland,* 506 U.S. at 200, 113 S.Ct. 716.

The Supreme Court addressed the meaning of "context" again in *Hubbard v. United States,* 514 U.S. 695, 700–701, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995). The Court examined 18 U.S.C. § 6, which provides: "The term 'department' means one of the executive branches enumerated in section 1 [now § 101] of Title 5, unless context shows that such term was intended to be used in a more limited sense." The *Hubbard* Court affirmed the principle stated in *Rowland* that the text of congressional acts alone should be used to determine context, and "[r]eview of other materials is not warranted." *Hubbard,* 514 U.S. at 701, 115 S.Ct. 1754.

The Federal Circuit applied *Rowland* and *Hubbard* in *Emery.* "Neither the statutory text surrounding the word 'context' in 28 U.S.C. § 451 nor the text of any related congressional act clearly indicates that 'agency' was not meant to include the USPS." *Emery,* 264 F.3d at 1081.

Defendant contends that *Emery* does not foreclose its argument that the Architect of the Capitol is a legislative branch entity. As Agency is defined in 28 U.S.C. § 451, the Architect is not excluded as a legislative entity or otherwise. The Federal Circuit has ruled that this court has jurisdiction over "federal agencies" with respect to a "proposed award or the award of a contract.... Neither the ADRA text nor its legislative history clearly exclude the USPS from present Court of Federal Claims jurisdiction." *Emery,* 264 F.3d at 1083.

The same is true here. No statute excludes the Architect of the Capitol from this court's jurisdiction.

## CONCLUSION

The term "Federal agency" as used in the Tucker Act does not have a meaning differ-

ent from the term "agency" in 28 U.S.C. § 451. Defendant has not shown that the Architect of the Capitol is a Legislative Branch entity; or if it is, that the Architect would be excluded from this court's jurisdiction. Defendant's motion to dismiss for want of subject matter jurisdiction is DENIED.